UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  Criminal Action No.: 5:23-cr-00134

STEVEN NICHOLAS WIMMER,                                   Defendant.

**SENTENCING MEMORANDUM OF DEFENDANT STEVEN NICHOLAS WIMMER**

Defendant Steven Nicholas Wimmer, by counsel, submits this memorandum to assist the Court in fashioning a sentence sufficient but not greater than necessary to satisfy the factors outlined in 18 U.S.C. 3553. Mr. Wimmer filed no objections to the Presentence Investigation Report but contends that for the reasons set forth herein, a sentence well beneath the statutory maximum of 120 months is warranted.

On November 2, 2023, Mr. Wimmer pleaded guilty to a single-count Information charging him with Conspiracy to Violate Civil Rights, in violation of 18 U.S.C. 241, which exposed him to a statutory sentence of not more than ten years in prison. While his recommended Guideline range is from 121-151 months, which exceeds the statutory maximum sentence, there are numerous factors justifying a downward variance.

Mr. Wimmer's guilty plea stems from his involvement in a tragic situation in which an inmate died at the Southern Regional Jail where Mr. Wimmer worked as a correctional officer. The Probation Officer calculated his Total Offense Level at 32, which included a six-point increase for commission of an offense under color of law, offset by a three-level reduction for Acceptance of Responsibility; his Criminal History Category is I.

1

### A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant under 18 U.S.C. 3553(a)(1)

After working a variety of jobs and completing a year of college at Concord University, Mr. Wimmer began working at the SRJ in July 2020 and in 2021, he graduated from the West Virginia Corrections Academy. In the morning hours of March 1, 2022, he responded to an officer-needs-assistance call and upon arrival, he assisted five or six other officers who were already on the scene in subduing an inmate. The initial encounter was captured on video. After handcuffing him, the group of correctional officers led the inmate down the hallway where he met with medical personnel out of the camera's view (PSR ¶7). Shortly thereafter, the inmate reappears and is taken by the COs to an "interview room" outside the camera's view.

Once in the interview room, the inmate was physically assaulted by several of the COs and then led to the administrative segregation pod (A-1) and was later pronounced dead. The autopsy listed that the cause of death as homicide.

Mr. Wimmer, age 22 at the time, was among the youngest, least experienced officers present and the incident report that he submitted to investigators was drafted under the direct supervision of a senior correctional officer (*see* PSR ¶12). Mr. Wimmer has since provided the Government with a more accurate account and has stated that he felt pressured to stress certain factors and downplay other factors. He was "bullied" by the older COs following the incident and feared retaliation against himself and his family if he did not do as ordered (PSR ¶¶13, 15). Mr. Wimmer has attempted to mitigate his lesser role in this incident by providing truthful and detailed testimony to investigators and the U.S. Attorney's Office. Once a plea agreement was signed he testified before the grand jury as part of his agreement.

Mr. Wimmer, a soft-spoken, married father of one, is a life-long resident of Mercer and Raleigh counties. He is now age 25, and has abandoned his career in corrections. Otherwise, he

has a long history of gainful employment. He has zero criminal history points. He has been on bond since November 2, 2023, and there have been no issues reported.

**B.      The Need for the Sentence Imposed under 18 U.S.C. 3553(a)(2)**

*1) The Court must fashion a sentence that reflects the seriousness of the offense, promotes respect for the law and provides just punishment. 18 U.S.C. 3553(a)(2)(A).*

Mr. Wimmer never contested the charge and has felt genuine remorse over his limited role in the incident. His unconditional acceptance of responsibility was reflected and reinforced by the truthful testimony he provided to investigators.

His actions reflect an understanding of the seriousness of his conduct and respect for the law. Given the gravity of the harm his limited involvement has caused and his desire to set the record straight, a sentence well beneath the statutory maximum is warranted. His zero criminal history points shows the respect for law that he has had his entire life.

Significantly, given Mr. Wimmer's prior work as a correctional officer, he potentially poses a significantly higher risk of prison abuse than most other defendants who appear before this court, therefore a downward sentencing variance coupled with rigid supervision upon release would justly punish him more than would a lengthy prison sentence.

*2) The Court's sentence must deter future criminal conduct. 18 U.S.C. 3553(a)(2)(B).*

Mr. Wimmer's lack of any criminal history indicates that he is not only capable of a law-abiding lifestyle, but that the risk of future violations is remote. Nothing in the record indicates a predisposition towards violence or other types of criminal conduct. Age 22 when the incident occurred and under the supervision of older officers, Mr. Wimmer is remorseful over the role he played and since his arrest and his plea to the Information herein, he has assisted authorities in getting to the truth. Indeed, his input has been crucial in holding those most culpable to account.

His poor judgment destroyed a bright career in corrections and brought shame on him in the eyes of his former coworkers. A sentence well below the statutory maximum sentence of ten years is warranted. He does not suffer from substance abuse issues so the likelihood of future criminal conduct is reduced. He accepted full responsibility for his actions and cooperated with authorities from the outset. As a result, a term of supervised release including any special conditions this Court deems appropriate will further this objective far more effectively than would a lengthy prison sentence.

3) *His sentence should protect the public from further crimes. 18 U.S.C. 3553(a)(2)(C).*

Mr. Wimmer no longer works in the corrections field and given his complete lack of prior criminal history the risk of recidivism or of any future criminal conduct is low. He currently works in automotive sales and provides for his wife and young son. His participation in the instant case stemmed from what he reasonably though unwisely viewed as direct orders from veteran correctional officers. That does not excuse his involvement since he failed to stop the abuse but his actions on March 1, 2022, are out of character for the man who stands convicted today.

His actions reflect poor judgment rather than an ongoing pattern of criminality. A downward variance requiring strict supervision will advance this statutory objective far more effectively than would a lengthy prison sentence. Mr. Wimmer likely has many years to prove that he is a changed person who can lead a productive life for himself and his family. He has been free on bond for nearly seven months with no problems reported, which indicates the public is safe.

*4) The sentence should provide defendant with much needed educational or vocational training, medical care or other treatment. 18 U.S.C. 3553(a)(2)(D).*

Mr. Wimmer currently works in automobile sales and has prior work experience in the natural gas industry, retail and in food services, so he has adequate skills to maintain a productive life. He does not suffer from addiction and he rarely drinks alcohol (PSR ¶47). Both his physical and mental health are good. However, his history as a correctional officer could subject him to a heightened risk of prison abuse, so any safety measures available by the Bureau of Prisons should be ordered.

C. <u>Conclusion</u>

According to the United States Sentencing Commission's Judiciary Sentencing Information (JSIN) database, defendants convicted of identical crimes and who are similarly situated received average sentences of 71 months (PSR ¶106). However, given Mr. Wimmer's youth, his lack of any criminal history and his extraordinary acceptance of responsibility and cooperation, a sentence below the national average is appropriate.

Based upon the foregoing, Defendant Steven Nicholas Wimmer respectfully submits that a sentence well beneath the statutory maximum of 10 years would fulfill the requirements of 18 U.S.C. 3553 and advance the interests of justice.

Respectfully submitted,

STEVEN NICHOLAS WIMMER,
By Counsel,

/s/ Ward Morgan
Ward Morgan, Attorney at Law
3217 Cumberland Road
Bluefield, West Virginia 24701
(304) 323-2250
State Bar ID: 5814

## CERTIFICATE OF SERVICE

I, Ward Morgan, counsel for Defendant, do hereby certify that I have served a true copy of the foregoing "Defendant Steven Nicholas Wimmer's Sentencing Memorandum" upon Christine Siscaretti, Deputy Chief of Operations, Criminal Section, Civil Rights Division. U.S. Department of Justice, via CM/ECF delivery, on this the 13th day of June, 2024.

/s/ Ward Morgan
Ward Morgan, Attorney at Law
3217 Cumberland Road
Bluefield, West Virginia 24701
(304) 323-2250
State Bar ID: 5814